UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVE BAYES,

    **Plaintiff,**

    v.

    Civil Action 2:12-cv-1104
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Elizabeth P. Deavers

SCOTT BELLINGER, *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Steve Bayes, an Ohio resident proceeding without the assistance of counsel, brings this action against Scott Bellinger, his court-appointed guardian, and Regency Manor, a privately-owned healthcare center. It appears that Plaintiff is requesting the Court to reverse the state probate court's appointment of Mr. Bellinger as a guardian and enjoin Mr. Bellinger from acting as his guardian. This matter is before the Court for the initial screen of Plaintiff's Amended Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action for failure to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction.

**I.**

On March 31, 2013, the Probate Court of Franklin County, Ohio, issued a letter of authority appointing Defendant Bellinger as Plaintiff's guardian for an indefinite term.[1] Bellinger remains Plaintiff's guardian. Plaintiff filed the instant action on November 30, 2012. As best the Court can discern, Plaintiff alleges that he was unable to attend an unspecified court hearing in violation of his due process rights because Bellinger told him to come to the wrong court. He further alleges that Bellinger cared only about getting paid. Plaintiff states he would "like to appeal [his] guardianship" and seeks injunctive relief against Bellinger. (Compl. 3, ECF No. 1-2.)

**II.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the

---

[1]Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Plaintiff's state-court proceedings in the Probate Court of Franklin County, Ohio, Case Number 477165, which are a matter of public record. *See* Fed. R. Evid. 201(b) and (c) (a court "may take judicial notice on its own" of facts "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy can not reasonably be questioned"); *Scarso v. Cuyahoga Cty. Dep't of Human Serv.*, 1990 WL 169645, at * 2 (6th Cir. Nov. 2, 1990) ("In determining the legal efficacy of plaintiff's complaint, the lower court properly took judicial notice of facts in the public record, specifically the records of state court proceedings.") (citations omitted).

[2]Formerly 28 U.S.C. § 1915(d).

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a

3

complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Further, when the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

**III.**

The undersigned concludes that Plaintiff has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. "'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The basic statutory grants of federal court

4

subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

A doctrine known as *Rooker-Feldman* further limits this Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.

Applying the foregoing, the undersigned concludes that the *Rooker-Feldman* doctrine operates to bar this Court from exercise of jurisdiction over this action. Plaintiff's characterization of this action as an appeal of his guardianship, coupled with his request for an injunction against Mr. Bellinger from serving as his guardian, make clear that the source of his injury is the state probate court's appointment and continued retention of Bellinger as his guardian. *See Young v. Murphy*, 90 F.3d 1225, 1229–31 (7th Cir. 1996) (holding that the

5

*Rooker-Feldman* doctrine barred consideration of the plaintiff's due process claim premised upon his failure to receive adequate notice of the state-court competency hearing, explaining that the plaintiff's "injury resulted from the state court judgment of incompetency and not from the alleged denial of due process").  Accordingly, dismissal of the instant action is recommended. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *accord Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, No. 98-5545, 1999 WL 454880, at *2 (6th Cir. June 22, 1999)) ("Where there is no basis for federal jurisdiction apparent on the face of the complaint a court may dismiss the action as frivolous and for lack of subject matter jurisdiction . . . .").

## IV.

In sum, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) for failure to assert any claims with an arguable basis in law over which this Court has subject matter jurisdiction.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED.**


Date:  December 27, 2012                                                         /s/ *Elizabeth A. Preston Deavers*
                                                                                        Elizabeth A. Preston Deavers
                                                                                       United States Magistrate Judge